353 F.2d 1009
 GREAT AMERICAN INSURANCE COMPANY, a Corporation, Appellant,
v.
LOUIS LESSER ENTERPRISES, INC., a Corporation, and D & L
Construction Company, a Corporation, and Ft. Leonard Wood
C-9 Housing, Inc., a Corporation, and Ft. Leonard Wood C-10
Housing, Inc., a Corporation, and Continental Casualty
Company, a Corporation, Appellees.
 No. 18049.
 United States Court of Appeals Eighth Circuit.
 Dec. 16, 1965.
 
 Appeal from the United States District Court for the Western District of Missouri; John W. Oliver, District Judge.
 Bernard A. Reinert, of Kenney, Reinert & Hespen, St. Louis, Mo., made argument for appellant and filed brief with Francis L. Kenney, Jr. of Kenney, Reinert & Hespen, St. Louis, Mo.
 Harvey L. Zuckman, Atty. Dept. of Justice, Washington, D.C. made argument for appellees Fort Leonard Wood C-9 and C-10 Housing, Inc. and filed brief with John W. Douglas, Asst. Atty. Gen., and David L. Rose, Atty., Dept. of Justice, Washington, D.C., and F. Russell Millin, U.S. Atty., Kansas City, Mo.
 John A. Biersmith, of Rafter, Biersmith & Walsh, Kansas City, Mo., made argument for appellees Louis Lesser Enterprises, Inc., D & L Const. Co. & Continental Cas. Co. and filed brief with Charles J. Fraas, Jr., of Rafter, Biersmith & Walsh, Kansas City, Mo.
 Before VAN OOSTERHOUT, MATTHES and MEHAFFY, Circuit Judges.
 MATTHES, Circuit Judge.
 
 
 1
 In this appeal, the dispositive question is whether the district court erred in finding that service of process was insufficient to confer personal jurisdiction over the defendants. Great American Insurance Company (appellant) commenced this action in the Circuit Court of Pulaski County, Missouri, against Louis Lesser Enterprises, Inc. (Lesser); D & L Construction Company (D & L); Ft. Leonard Wood C-9 Housing, Inc. (C-9); Ft. Leonard Wood C-10 Housing, Inc. (C-10); and Continental Casualty Company (Continental), all foreign corporations. The relevant substantive portions of the complaint and the relief sought are identical to the complaint filed in No. 18,048, 8 Cir., 353 F.2d 997, decided contemporaneously. Indeed, all the proceedings herein parallel the proceedings in No. 18,048, except that, in this action, appellant did not use out a writ of attachment.
 
 
 2
 Process, issued by the state court and directed to Lesser, D & L, C-9 and C-10, was served on the Secretary of State of Missouri. Process, issued to Continental, was served on the Superintendent of Insurance of Missouri. These defendants filed motions to quash service of process and to dismiss for lack of personal jurisdiction. C-9 and C-10 removed the action to the United States District Court for the Western District of Missouri on the theory that they were agencies of the United States, within the meaning of Title 28, U.S.C.A. 1442. Thereafter, C-9 and C-10 filed a motion to dismiss in the district court on the ground, inter alia, that personal jurisdiction was lacking.
 
 
 3
 Upon consideration of the motions, the District Court, Judge Oliver, found (1) that C-9 and C-10 were not alter egos, or agenst, of Lesser and D & L, authorized in law, or in fact, to receive service of process on behalf of the latter defendants;[1] (2) that service of process upon the Secretary of State of Missouri under 351.630, V.A.M.S., was ineffective to confer jurisdiction over the 'persons' of Lesser and D & L; and (3) that service upon the Superintendent of Insurance of Missouri was ineffective to bring Continental within the jurisdiction of the court. The motions to dismiss were granted, the cause of action was dismissed, and this appeal followed.
 
 
 4
 Appellant contends on this appeal, as it did in case No. 18,048, Great American Insurance Company v. Louis Lesser Enterprises, Inc., 8 Cir., 353 F.2d 997 (opinion filed this day), that service upon the Secretary of State and upon the Superintendent of Insurance was authorized by V.A.M.S., 351.630 and 375.210, respectively, and that, in so far as Lesser and D & L are concerned, C-9 and C-10 were their alther egos and, as such, were authorized agents for service purposes. Its supporting arguments, in context, are not different from the arguments it advanced, which we rejected in case No. 18,048. This being the situation, there is no compelling reason for a repetitious discussion of the applicable legal principles, which we explored in case No. 18,048.
 
 
 5
 Suffice it to say, we are convinced that (1) service of process on C-9 and C-10 did not constitute service on Lesser and D & L, and, since C-9 and C-10 were made parties solely for service purposes, they were properly dismissed; (2) the Missouri statutes relied upon, supra, do not authorize service upon Lesser and D & L, through the Secretary of State, or upon Continental, through the Superintendent ot Insurance.
 
 
 6
 The order of dismissal is affirmed.
 
 
 
 [1]
 In their motion to dismiss, C-10 and C-10 alleged, as they did in their motion to dismiss filed in No. 18,048, that they were Government instrumentalities, had not consented to be sued, and that the court could not acquire jurisdiction over them. Judge Oliver did not specifically rule on that question, but did expressly find that C-9 and C-10 were not, at the time the action was instituted, alter egos of Lesser and D & L, and held that, since no relief was sought against C-9 and C-10, they should be dismissed from the action